IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. DECKER,

        Plaintiff,                    No. CIV S-11-0660 LKK DAD PS

    v.

R.J. REYNOLDS, et al.,              ORDER AND
                                             FINDINGS AND RECOMMENDATIONS
        Defendants.

_____/

        Plaintiff Kevin Decker, a state prisoner, is proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating an inability to pay, allowing the litigant to proceed in forma pauperis. 28 U.S.C. § 1915(a). Plaintiff is advised that a prisoner who brings a civil action in forma pauperis is required to pay the full amount of the filing fee in installments when funds are available in his prison trust account. An initial partial filing fee would be assessed if plaintiff had any deposits in his account or if he had a monthly balance in the account in any month during the six months preceding the

filing of this case. Plaintiff's custodian would be ordered to collect fees from plaintiff's account and mail them to this court in accordance with 28 U.S.C. § 1915. The custodian would be required to continue sending available amounts until the $350.00 filing fee is paid in full, even if this case is closed before the full amount is paid.

Moreover, under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, plaintiff's complaint is deficient in several respects. First, plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends.[1] Federal courts are courts of limited jurisdiction and may adjudicate only

---

[1] Moreover, it is not apparent from plaintiff's complaint that the Eastern District of California is the appropriate venue for this action. The federal venue statute provides that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)-(b). In his complaint, plaintiff fails to address where the parties reside or where the alleged events occurred.

those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[2] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). Moreover, the burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

        Second, plaintiff's complaint is drafted on the form used by prisoners seeking to state a claim under 42 U.S.C. § 1983.[3] Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

---

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

[3] Though plaintiff makes no mention of § 1983 in his complaint, in a letter filed with the court on May 15, 2011, plaintiff refers to this action as a § 1983 lawsuit. (Doc. No. 6.)

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, plaintiff has sued two private entities, R.J. Reynolds and Philip Morris. Moreover, plaintiff does not allege that either defendant was acting under color of state law when they allegedly deprived him of a federally protected right.

Third, in his complaint plaintiff merely alleges that his mother smoked Kool cigarettes and acquired lung cancer which ultimately caused her death. That is the extent of plaintiff's factual allegations. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones, 733 F.2d at 649. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Finally, it is appears from plaintiff's complaint that he is seeking to pursue a survival action on behalf of his deceased mother. The party seeking to bring a survival action bears the burden of demonstrating that a particular state law authorizes such an action and that

the plaintiff meets that state's requirements for bringing a survival action.  Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).  Plaintiff's complaint does not address any state law with respect to survival actions, whether or not his mother left a will or its terms, or whether his mother left a surviving spouse, domestic partner, or other children impacted by a potential survival action.

For all the reasons cited above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the obvious deficiencies noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Plaintiff has also filed a motion seeking the appointment of counsel.  Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  As noted above, the undersigned will recommend that plaintiff's complaint be dismissed,

/////

meaning that it is unlikely that he will succeed on the merits of his claims.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 10, 2011 motion for the appointment of counsel (Doc. No. 2) is denied.

IT IS RECOMMENDED that:

1. Plaintiff's March 10, 2011 complaint (Doc. No. 1) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\decker0660.ifp.f&rs